UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPORT DEVELOPMENT CANADA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E.S.E. ELECTRONICS, INC., et al.,<br><br>　　　　　Defendants. | Case No. 17-mc-80003-MEJ<br><br>**ORDER DENYING EX PARTE APPLICATION**<br><br>Re: Dkt. No. 1 |

## BACKGROUND

Export Development Canada filed suit against E.S.E. Electronics, Inc. and David Kazemi ("Defendants") in the Central District of California (the "Underlying Litigation"), Case No. 16-2967-BRO-RA (C.D. Cal.). Defendants subpoenaed third party Wintec Industries, Inc. ("Wintec") to produce records. *See* Drooyan Decl. ¶ 4 & Compl., Ex. 2 (records subpoena), Dkt. No. 1. Wintec objected to the subpoena on a number of grounds, but agreed to produce responsive materials to the extent it existed. Drooyan Decl. ¶ 5 & Ex. 4 (Wintec objections). Defendants took issue with Wintec's production, and Wintec's counsel's refusal to authenticate the production. Drooyan Decl. ¶ 7-9.

Defendants informed counsel for Wintec they intended to depose Wintec employee Ray Huang. Drooyan Decl. ¶ 10. On November 4, 2016, *Plaintiff* subpoenaed Wintec to testify at deposition on December 7, 2016. *Id.* ¶ 11 & Ex. 6 (Pl.'s Dep. Subp.). Upon learning that Huang would be appearing in response to Plaintiff's subpoena, Defendants indicated they did not believe a separate subpoena was needed: "I don't see any need to issue a subpoena for [Huang's] deposition, as I will be appearing at Wintec's deposition and can address my questions to [Huang]. If not, I will issue a subpoena for Ray Huang's deposition for December 7, 2016, at a time convenient for [Huang]." *Id.* ¶ 12. On December 5, 2017, Plaintiff informed Defendants that

Huang's deposition had been rescheduled to December 14, 2016. *Id*. ¶ 13. Defendants asked Wintec to confirm that the deposition had been continued to December 14, 2016, and Wintec responded that it had not "confirm[ed] the exact time of day" and suggested Defendants use written interrogatories rather than a deposition. *Id*. ¶ 14 & Ex. 12. Unsatisfied, on December 6, 2016, Defendants served deposition subpoenas commanding Wintec and Huang to appear for depositions on December 14, 2017. *Id*. ¶ 15 & Exs. 8-10.[1] The subpoenas commanded testimony from these witnesses. *Id*. Although the "production" box was not checked on the face of either document, and no description of documents to be produced was provided, "[s]ee Exhibit 1" was written above the address of the deposition. *See id*. "Exhibit 1" appears to be the list of documents Plaintiff had commanded Wintec to produce. The depositions were noticed to take place at Wintec itself; there is no indication Defendants obtained permission from Wintec to conduct depositions at its offices. *Id*.

On December 9, 2016, Wintec objected to the subpoenas. *Id*. ¶ 16.[2] Counsel for Defendants accused Wintec of "corroborat[ing] with [Plaintiff] to prevent [Defendants] from taking Ray Huang and Wintec's depositions." *Id*. On December 13, 2016, Wintec reiterated that it "will not be available for deposition tomorrow" and also informed Defendants that "you will not be allowed in the building." *Id*. Ex. 14. Defendants nevertheless traveled to Wintec.

Defendants filed a "Miscellaneous Complaint re: Application for Order to Show Cause re Contempt for Failure to Appear at Deposition and to Produce Documents Pursuant to Civil Subpoenas." Dkt. No. 1. They also filed an ex parte application for order to show cause re contempt for failure to appear at depositions and to produce documents. *Id*. In their ex parte application, they seek an order requiring (1) counsel for Wintec, Melissa Frank, to appear and show cause why she should not be held in contempt for failing to comply with the document

---

[1] Defendants also served a "Notice of Continued Deposition of Wintec Industries" for the deposition that had been subpoenaed, then cancelled, by Plaintiff. *Id*., Ex. 10. This "Notice" also only purports to command Wintec's testimony.

[2] The documents Defendants attached to the Drooyan Declaration appear to pertain to a different subpoena, as they refer to a subpoena for Melissa Frank, general counsel for Wintec, requesting a category of documents not listed in the subpoena to Wintec. *See* Drooyan Decl., Ex. 13. The Court therefore does not know the contents of Wintec's formal objections to the subpoenas.

2

subpoena; (2) Ray Huang appear and show cause why he should not be held in contempt for failing to comply with the deposition subpoena; and (3) Wintec appear and show cause why it should not be held in contempt for failing to comply with the deposition subpoena. *Id*.

There is no indication Defendants served Wintec, Huang, or Frank with the miscellaneous complaint, although counsel for Plaintiff appeared on the docket in this action.

## DISCUSSION

### A. Melissa Frank

Ms. Frank is a non-party; she is general counsel to Wintec, also a non-party to the Underlying Action. There is no indication that Defendants served a subpoena requiring Ms. Frank herself to appear at deposition or produce records in connection with the December 14, 2016 Wintec deposition. It is entirely unclear what legal basis Defendants have for suggesting that Ms. Frank should be ordered to appear before this Court to show cause why she should not be held in contempt. On the facts alleged in the Complaint, there appears to be no basis upon which this Court could exercise jurisdiction over Ms. Frank. Defendants' Motion as to Ms. Frank is DENIED.

### B. Wintec and Ray Huang

Mr. Huang is a non-party to the Underlying Action; he was not subpoenaed by Plaintiff to testify, but rather it appears that he was designated by Wintec as the corporate representative who would testify in response to Plaintiff's subpoena to Wintec. *See* Dooryan Decl. Ex. 6. Wintec is a non-party that already produced responsive documents to Defendants. Wintec had been subpoenaed by Plaintiff to testify on December 6, 2014, a deposition Plaintiff continued until December 14th and then apparently decided to abandon altogether. Defendants served a deposition subpoena on Wintec on December 6, 2016. Defendants subpoenaed both witnesses to appear in eight days, on December 14th. *Id*., Ex. 10. There is no evidence before the Court that the non-parties agreed to appear on that date, or that Wintec agreed to allow Defendants to use its facilities to conduct the depositions. On the contrary, Wintec objected to the subpoenas on December 9th and reiterated on December 13th the depositions would not go forward the following day.

3

### 1. Records Subpoena to Wintec

To the extent "Exhibit 1" is sufficient to impose upon Wintec an obligation to produce documents, it appears Wintec timely objected to the records subpoena. *See* Drooyan Decl. ¶ 16. The burden at this point was on Defendants to move to compel Wintec's compliance, *with notice* to Wintec. *See* Rule 45(d)(2)(B). Defendants did not move to compel Wintec's compliance; the Court denies their ex parte application for an order to show cause for the failure to produce documents. Moreover, "[o]n a motion to compel compliance with a Rule 45 subpoena, the Local Rules in this District require a party to 'detail the basis for the party's contention that it is entitled to the requested discovery and show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." *Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351, at *3 (N.D. Cal. Oct. 5, 2015) (citing Civ. L.R. 37-2). The Motion does not address these requirements. The Court also notes Defendants would be required to comply with the meet and confer requirements of Local Rule 37 before the Court would entertain any motion to compel.

### 2. Deposition Subpoenas

It also appears Wintec objected to the deposition subpoenas and informed Defendants repeatedly that neither it nor Huang would appear on December 14, 2016. *See* Drooyan Decl. ¶¶ 16-17. Not only did Wintec and Huang not appear for their depositions, but Defendants' counsel was told to leave the Wintec premises when he arrived. *Id.* ¶ 18. "[W]hen a non-party does not comply with a subpoena and does not appear for deposition, the most appropriate procedural step is to file an application for an order to show cause" pursuant to Rule 45(g). *Martinez v. City of Pittsburg*, 2012 WL 699462, at *4 (N.D. Cal. Mar. 1, 2012). However, the 2013 Advisory Committee Notes state that "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena." *See also Poturich v. Allstate Ins. Co.*, 2015 WL 12766048, at *2-3 (C.D. Cal. Aug. 11, 2015) (denying motion for order to show cause regarding contempt because there was no court order compelling discovery take place under Rule 45).

Defendants have not attached Wintec's actual objections to the December 6, 2016 subpoena to their Complaint, only Wintec's cover email and documents pertaining to different

4

subpoenas. The Court therefore cannot determine whether Wintec objected to producing a witness until its objections to the document request were resolved; whether Wintec objected to holding the depositions in its own offices; whether Wintec categorically refused to produce a witness at any time, or whether it objected to producing a witness on December 14, 2016 after agreeing with counsel for Plaintiffs that the deposition would not proceed on that day; or whether Wintec simply was objecting to the scheduling of the deposition at a time it found inconvenient. Local Rule 30-1 requires parties scheduling the deposition of a non-party witness to meet and confer about scheduling. While it is clear from the Motion that Defendants attempted to do so to some extent, it is not clear whether the discussions reached an impasse or whether Defendants prematurely chose this course of action. Moreover, Local Rule 37 requires the parties to meet and confer to attempt to resolve all disputed issues (and this Court's Standing Order re Discovery requires them to meet in person) before filing any type of motion to resolve a discovery dispute.

## CONCLUSION

The Court DENIES Defendants' Motion as to Ms. Frank; the Court also DENIES the Motion as to Wintec and Mr. Huang without prejudice. In order to renew this Motion, Defendants must file Wintec's objections to the December 6, 2016 subpoenas, as well as a supplemental declaration establishing compliance with the applicable local rules. Alternatively, Defendants may file a new motion after complying with those local rules.

**IT IS SO ORDERED.**

Dated: June 9, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge